**MEMO ENDORSED**

April 29, 2026

**VIA ECF**

The Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 444
New York, NY 10007

> **RE: *In re Fried, Frank, Harris, Shriver & Jacobson LLP Data Breach Litigation*,**
> **1:25-cv-10693**

Dear Judge Carter:

Counsel for Plaintiffs Andrew Sacks and Alexis Franzwa and Defendant Fried, Frank, Harris, Shriver & Jacobson, LLP ("Fried Frank") write jointly to respectfully request that the Court stay all deadlines in this case, including responsive pleading and discovery deadlines, while the parties pursue mediation. A mediation is scheduled for July 13, 2026, before the Honorable Diane Welsh (Ret.). The parties will, with Court approval, file a joint status report on the outcome of the mediation by July 31, 2026, at which point either party can request that the stay be lifted.

This is both parties' first request for an adjournment or extension since the Court consolidated the two putative class actions filed against Fried Frank on March 26, 2026. Plaintiffs filed their consolidated class action complaint on April 24, 2026, and Fried Frank's response is due by May 26, 2026. The requested stay affects no other case deadlines.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The decision whether to issue a stay is therefore firmly within a district court's discretion." *Delgado v. NJ Transit Rail Operations, Inc.*, 329 F.R.D. 506, 507 (S.D.N.Y. 2019) (alterations and internal quotations omitted). In deciding whether to stay proceedings, courts in the Second Circuit examine the following factors: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *Id.* at 508.

The Honorable Andrew L. Carter, Jr.                  2                      April 29, 2026

Here, all of those factors weigh in favor of staying this case while the parties pursue mediation, as the requested stay will promote efficiency and preserve the parties' and Court's time and resources.  A stay will not unduly prejudice either party because the parties consent to, and jointly file, this motion.  The interests of the Court are likewise served by a stay, as it would avoid the expenditure of judicial resources on motion practice that may be rendered unnecessary by a successful mediation.  The parties are also unaware of any non-parties whose interests would be affected by the requested stay, and the public interest favors the efficient resolution of disputes through alternative means such as mediation.  Accordingly, the parties respectfully request that the Court stay this case pending the completion of the July 13 mediation and the parties' post-mediation joint status report.

Respectfully submitted,

/s/ Javier L. Merino
Javier L. Merino
Marc E. Dann
Brian D. Flick
**DANNLAW**
825 Georges Road, 2nd Floor
North Brunswick, NJ 08902
Telephone: (201) 355-3440
Facsimile: (216) 373-0536
notices@dannlaw.com

Courtney Maccarone
Jeff Ostrow (*pro hac vice* forthcoming)
**KOPELOWITZ OSTROW P.A.**
One West Las Olas Blvd., Suite. 500
Fort Lauderdale, Florida 33301
Tel: (954) 332-4200
maccarone@kolawyers.com
ostrow@kolawyers.com

*Counsel for Plaintiffs and the Putative Class*

/s/ James J. Pastore
James J. Pastore
Jacob Hochberger
**DEBEVOISE & PLIMPTON LLP**
66 Hudson Blvd.
New York, New York 10001
(212) 909-6000
jjpastore@debevoise.com
jhochberger@debevoise.com

*Counsel for Defendant*

SO ORDERED:

HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE

May 7, 2026
New York, NY